NACKKELA et al. v. WEBSTER. (Circuit Court of Appeals, Ninth Circuit. May 17, 1901.) No. 635. Page, McCutcheon, Harding & Knight, for appellants. Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This case is similar to the case of Tornanses v. Melsing, 109 Fed. 710. The appellee claims the right to locate and appropriate a mining claim which had already been located by the appellants, upon the ground, as alleged in the bill, that the appellants were not citizens of the United States, and had not declared their intentions to become citizens of the United States, and "that they do not intend to pay for or purchase the said placer-mining claim from the United States, or take any steps to that end; that their residence and citizenship is in Lapland, to which place they expect to return when they shall have extracted from the above-described claim and premises the gold therein contained." All the questions which are involved in this case were considered in the case of Tornanses v. Melsing, above referred to. For the reasons set forth in the opinion in that case, the order of July 23, 1900, appointing a receiver of the placer claim involved in this case, being placer claim No. 1, on Nugget Gulch or Nackkela Gulch, a tributary to Anvil creek, in the Cape Nome mining district, Alaska, is reversed, and the cause will be remanded, with instructions to dismiss the bill.

---

KJELLMAN v. ROGERS. (Circuit Court of Appeals, Ninth Circuit. May 17, 1901.) No. 636. Page, McCutcheon, Harding & Knight, for appellant. Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The facts in this case are similar to those in the preceding cases of Tornanses v. Melsing, 109 Fed. 710, and Nackkela v. Webster, ubi supra. The appeal is from an order appointing a receiver of placer-mining claim No. 2 below Discovery, on Anvil creek, a tributary to Snake river, in the Cape Nome mining district, Alaska. Upon the grounds expressed in the opinion in the case of Tornanses v. Melsing, the order appointing a receiver is reversed, and the cause remanded, with instructions to dismiss the bill. See 106 Fed. 775.